EXHIBIT A
COMPLAINT

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/25/2022
CT Log Number 542191327

## Service of Process Transmittal Summary

**TO:**    Martha Vogel
Cliftonlarsonallen LLP
220 S 6TH ST STE 300
MINNEAPOLIS, MN 55402-1418

**RE:**    **Process Served in Washington**

**FOR:**   CliftonLarsonAllen LLP  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KLEIN GRIFFITH PROPERTIES GROUP LLC, a Washington limited liability company vs. WASHINGTON STATE DEPARTMENT OF COMMERCE |
| **CASE #:** | 2220226834 |
| **PROCESS SERVED ON:** | CT Corporation System, Olympia, WA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/25/2022 at 15:04 |
| **JURISDICTION SERVED:** | Washington |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Carla Spencer  Carla.spencer@CLAconnect.com |
| | Email Notification,  Martha Vogel  martha.vogel@CLAconnect.com |
| | Email Notification,  Peter Koller  peter.koller@CLAconnect.com |
| | Email Notification,  Michael Flom  michael.flom@claconnect.com |
| | Email Notification,  Cathy Clarke  cathy.clarke@claconnect.com |
| | Email Notification,  Adam Matheson  adam.matheson@claconnect.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>711 Capitol Way S<br>Suite 204<br>Olympia, WA 98501<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/19/2022 - 4:52PM
Linda Myhre Enlow
Thurston County Clerk

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF THURSTON

| | |
|---|---|
| KLEIN GRIFFITH PROPERTIES GROUP, LLC, a Washington limited liability company, | NO. **22-2-02268-34** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| WASHINGTON STATE DEPARTMENT OF COMMERCE, a Washington state government agency, HANFORD AREA ECONOMIC INVESTMENT FUND, HANFORD AREA ECONOMIC INVESTMENT FUND ADVISORY COMMITTEE, a Washington state government agency, CLIFTONLARSONALLEN LLP, a foreign limited liability partnership, and JOLARR MANAGEMENT CONSULTING, LLC, a Washington limited liability company, | |
| Defendants. | |

Plaintiff Klein Griffith Properties Group, LLC, by and through its attorneys of record, Piskel Yahne Kovarik, PLLC, hereby alleges as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Klein Griffith Properties Group, LLC ("Plaintiff" or "Klein Griffith") is a Washington limited liability company with its principal place of business in Franklin County, Washington.  Klein Griffith was established in or around 2016 by

COMPLAINT - 1



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

its members, Andrew Klein and Brian Griffith to invest in, own, and develop real property. Klein Griffith conducts its business by, is overseen by, and is authorized to act through its members, Mr. Klein and Mr. Griffith. Mr. Klein and Mr. Griffith have been married since 2013; they reside in Pasco, Washington. Klein Griffith has done all things necessary to maintain this action including, but not limited to, presenting its notice of tort claim on or about March 21, 2022 within the time and in the manner required. The Washington State Department of Enterprise Services, Office of Risk Management, notified Klein Griffith that it received the notice and tort claim.

2.      Defendant Washington State Department of Commerce ("Department of Commerce" or "Commerce") is a Washington state agency.

3.      Defendant Hanford Area Economic Investment Fund ("HAEIF") is a fund established in the custody of the Washington State Treasurer. HAEIF was established in 1991 and provides a funding source for private and public projects located in Benton County or Franklin County, including private business projects.

4.      Defendant Hanford Area Economic Investment Fund Advisory Committee ("HAEIFAC" or "Committee") is a Washington state agency. HAEIFAC was established in 1991. HAEIFAC operates under the control of the Department of Commerce. HAEIFAC advises the Department of Commerce, administers HAEIF, and provides funding to private business projects through the disbursement of HAEIF funds. The Department of Commerce authorized HAEIFAC to act in connection with the foregoing. HAEIFAC consists of eleven members appointed by the Director of Commerce including one member from each of the elected leadership of Benton County, Franklin County, the City of Richland, the City of Pasco, the City of Kennewick,

COMPLAINT - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

and a Hanford area port district, with the remaining five members coming from the local labor and business, and financial, communities. The Director of Commerce designates one member of HAEIFAC as HAEIFAC's chairperson. Six members of HAEIFAC constitute a quorum and six affirmative votes are required for the transaction of business or exercise of any power or function of HAEIFAC. Where appropriate, Commerce, HAEIF, and HAEIFAC will hereinafter collectively be referred to as the "HAEIFAC Defendants."

5. Defendant CliftonLarsonAllen LLP ("CLA") is a foreign limited liability partnership. At all times material hereto, CLA conducted business in the state of Washington. At all times material hereto, CLA contracted with HAEIFAC to perform, by way of example and without limitation, loan/grant consultant services, among other services. At all times material hereto, CLA acted through its employees and/or agents, including without limitation, Dan Shaefer, Amy Allred, and Jennifer Lenzi, in connection with loan/grant consultant services and/or other scope of work of CLA. At all times material hereto, CLA transacted business in Thurston County, Washington including, without limitation, transacting business with Washington state agencies. CLA is a resident of Thurston County.

6. Defendant JoLarr Management Consulting, LLC ("JoLarr") is a Washington limited liability company. At all times material hereto, JoLarr contracted with HAEIFAC to perform, by way of example and without limitation, administrative and consultant services, among other services. JoLarr acted through its members, including JoLarr's member, owner, sole governor, and registered agent, JoEllen Peters ("Ms. Peters"). At all times material hereto, JoLarr transacted business in Thurston

COMPLAINT - 3



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

County, including, but not limited to, transacting business with Washington state agencies.

7.      Defendants transact business in Thurston County, Washington and/or reside in Thurston County, Washington. Klein Griffith has a right to bring its action in this Court including, without limitation, pursuant to RCW 4.92.010(5).

8.      Defendants have consented to the jurisdiction and venue of this Court.

9.      Jurisdiction and venue are proper in this Court.

## II.      FACTS

9.      Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

10.     At all material times, CLA contracted with HAEIFAC to provide, without limitation, loan/grant consultant services to HAEIFAC for a certain price. Under its contract, CLA owed many duties, which included, without limitation, the duty to serve as a liaison between HAEIFAC and prospective borrowers. At all material times, CLA owed further common law, contractual, and/or tort duties to Klein Griffith. At all material times, Klein Griffith was an intended third-party beneficiary under the contractual relationship between HAEIFAC and CLA.

11.     At all material times, JoLarr contracted with HAEIFAC to provide, without limitation, administrative and consultant services to the HAEIFAC for a certain price. Under its contract, JoLarr owed many duties including, without limitation, the duty to serve as a liaison between HAEIFAC and potential borrowers. At all material times, JoLarr owed further common law, contractual, and/or tort duties to Klein Griffith. At all material times, Klein Griffith was an intended third-party beneficiary

COMPLAINT - 4



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / P 509.321.5935

under the contractual relationship between HAEIFAC and JoLarr.

12.     In or around 2017, Klein Griffith began plans to develop an upscale commercial and residential project within the historic downtown Kennewick area commonly known as The Nineteen ("The Nineteen").   The Nineteen was to be developed within a Kennewick Opportunity Zone and located at the real property commonly described as 19 W. Canal Dr., Kennewick, WA ("Subject Property").   Klein Griffith owns the Subject Property.

13.     Soon after it started planning, in or around 2018, Klein Griffith reached out to people at the City of Kennewick to see if The Nineteen aligned with the City of Kennewick's overall growth goals.  Learning about The Nineteen, the City of Kennewick supported the project, as it aligned with the City's vision of creating higher density living in its downtown core and adding value to the community.

14.     Other organizations supported The Nineteen including, but not limited to, the Historic Downtown Kennewick Partnership.  The City of Kennewick and the Historic Downtown Kennewick Partnership advocated for The Nineteen's development and funding.   Not long after, Klein Griffith was connected with the HAEIFAC Defendants to request funding for The Nineteen.

15.     Accordingly, in or around February 2020, Klein Griffith submitted to the HAEIFAC Defendants a detailed and complete application for a loan to fund The Nineteen. Accompanying the application was payment of the $100 application fee.

16.     By March 2021, Klein Griffith lined up more than approximately $9,700,000 in funding from ICON Realty Capital LLC ("ICON") to develop The Nineteen. ICON's proposed terms regarding this funding precluded Klein Griffith from

COMPLAINT - 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

pledging its Subject Property as part of any additional and/or subordinate loan regarding The Nineteen ("Terms").

17.     Klein Griffith obtained the necessary permitting from the City of Kennewick for The Nineteen.

18.     In or around March 17, 2021, Klein Griffith emailed HAEIFAC's loan services consultant, CLA, to have its loan application for The Nineteen officially be placed on the agenda to be heard at HAEIFAC's Loan Review Subcommittee ("Subcommittee") meeting scheduled for April 2021.

19.     In response, CLA requested Klein Griffith provide it with a completed, updated packet of information for its loan application by the end of that week, Friday, March 19, 2021, for review in advance of the Subcommittee meeting.

20.     By Friday, March 19, 2021, Klein Griffith submitted all information CLA requested.

21.     Klein Griffith submitted its completed packet via email to JoLarr and CLA, including but not limited to, sending it to CLA at the official HAEIF email address, loanservices@haeif.com. The documents that Klein Griffith submitted to CLA and JoLarr as part of its completed packet included, without limitation: (a) Klein Griffith's answers to questions from the Subcommittee regarding its loan application; (b) Klein Griffith's Terms with ICON; (c) detailed documentation regarding private equity holdings being offered as collateral for the loan with the HAEIFAC Defendants; and (d) the loan application itself, specifying available collateral.

COMPLAINT - 6



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

22.     After receiving Klein Griffith's documents on March 19, 2021, CLA and JoLarr failed to provide to the Subcommittee, among other material information, Klein Griffith's detailed documentation regarding private equity holdings being offered as collateral for the loan with the HAEIFAC Defendants.

23.     On or about April 7, 2021, the Subcommittee held a meeting during which it discussed Klein Griffith's loan application for The Nineteen.

24.     At the Subcommittee meeting on or about April 7, 2021, the Subcommittee recommended HAEIFAC approve a loan for The Nineteen in an amount at or between $800,000 to $1,100,000.

25.     Under HAEIFAC policy, the Subcommittee only recommends for HAEIFAC to discuss and vote to approve loans for private business applicants after the Subcommittee has determined that the applicant provided all necessary information in its loan application. Klein Griffith provided all necessary and/or requested information in its loan application.

26.     Following the Subcommittee's recommendation, the proposed loan for The Nineteen was placed on the agenda for its April 2021 Regular Meeting.

27.     Accordingly, at its Regular Meeting held on or about April 26, 2021, HAEIFAC discussed disbursing $1,100,000 held by HAEIF for The Nineteen.

28.     At the beginning of HAEIFAC's April 2021 Regular Meeting, HAEIFAC member Colin Hastings asked Klein Griffith what was being offered as collateral for the loan on The Nineteen and if it would, rather, just be a personal guarantee.

29.     Klein Griffith responded that the offer of collateral for the loan on The Nineteen would be *"private equity holdings."*

COMPLAINT - 7



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

30.     HAEIFAC unanimously approved the loan application to fund The Nineteen in the amount of $1,100,000. As reflected in HAEIFAC's official meeting minutes for its April 2021 Regular Meeting, this unanimous approval was communicated to Klein Griffith following Klein Griffith's comment regarding private equity holdings.

31.     Such acceptance of Klein Griffith's terms for a $1,100,000 loan regarding The Nineteen with private equity holdings as collateral is in a signed writing. By way of example, and without limitation, HAEIFAC's acceptance of Klein Griffith's terms for a $1,100,000 loan to fund The Nineteen is reflected in HAEIFAC's Meeting Minutes for its April 2021 Regular Meeting.

32.     HAEIFAC's Meeting Minutes regarding its April 2021 Regular Meeting were subject to vote and, HAEIFAC ultimately, approved the written meeting minutes documenting the acceptance.

33.     HAEIFAC's Meeting Minutes regarding its April 2021 Regular Meeting are in writing.

34.     HAEIFAC's Meeting Minutes regarding its April 2021 Regular Meeting are signed by the HAEIFAC Chair, Skip Novakovich.

35.     After and with reasonable reliance on HAEIFAC's unanimous approval, advice, and agreement to disburse a loan for $1,100,000 for The Nineteen, Klein Griffith continued developing The Nineteen and, in doing so, expended substantial time and incurred substantial costs. Klein Griffith reasonably incurred reasonable costs in reasonable reliance on the HAEIFAC Defendants' actions and/or omissions, including, but not limited to, the unanimous approval to loan $1,100,000 regarding

COMPLAINT - 8



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

The Nineteen at the April 2021 Regular Meeting.

36.     However, following its unanimous approval of its loan for the benefit of Klein Griffith, the HAEIFAC Defendants failed and refused to follow through with the deal and its enforceable promises, resulting in substantial and ongoing damages to Klein Griffith in an amount to be determined according to proof in this action.

37.     More than one month after HAEIFAC's unanimous approval of its loan commitment for The Nineteen at the April 2021 Regular Meeting, CLA loan consultant Dan Shaefer was still preparing the loan documents.  While preparing the documents, Mr. Shaefer asked a series of questions to HAEIFAC's general counsel regarding the equity holdings it agreed to accept as collateral regarding The Nineteen.

38.     On June 1, 2021, Mr. Shaefer asked HAEIFAC's general counsel to send him the *"example security agreement for equity holdings"* that had previously been discussed on a phone call between them.  HAEIFAC's general counsel responded within the hour and sent Mr. Shaefer a draft of a security agreement for private equity holdings.

39.     One day later, on June 2, 2021, Mr. Shaefer, sent Klein Griffith loan documents regarding The Nineteen.

40.     Contrary to the agreed terms, CLA failed to provide Klein Griffith with loan documents that were consistent with the parties' agreement.  For example, the loan documents provided to Klein Griffith did not provide for private equity holdings as collateral.

41.     Instead, at the beginning of June 2021, loan documents were provided to Klein Griffith that included a deed of trust and that provided for a lien on the Subject

COMPLAINT - 9



Pickel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Property.  These deal terms were contrary to the loan application that was submitted, which included but was not limited to Klein Griffith's Terms with ICON.  The HAEIFAC Defendants failed and refused to provide loan documents accurately reflecting the terms of the parties' deal and enforceable commitment that HAEIFAC approved.

42.     Despite not receiving contract documents with the proposed collateral of private equity holdings, Klein Griffith, without waiving any rights or remedies, continued to try to work with Defendants in good faith.

43.     Instead of making the necessary correction and providing loan documents containing the terms to which the parties' agreed, and as reflected in the April 2021 Regular Meeting minutes, CLA, JoLarr, and the HAEIFAC Defendants failed and refused to provide Klein Griffith with the correct loan document.  It failed and refused to do so, for example and without limitation, in an unlawful attempt to re-raise issues and/or considerations at the next scheduled HAEIFAC Regular Meeting in June 2021.

44.     On or about June 21, 2021, HAEIFAC held a Regular Meeting.  At the start of HAEIFAC's Regular Meeting in June 2021, it approved the Meeting Minutes for its Regular Meeting held on April 26, 2021.  These Meeting Minutes were approved prior to any discussion regarding collateral for The Nineteen at the Regular Meeting in June 2021.

45.     Later in the June 2021 Regular Meeting, during HAEIFAC's discussion regarding collateral for The Nineteen, HAEIFAC Chair, Mr. Novakovich expressly stated that HAEIFAC had *"money committed to The Nineteen."*

46.     At the time of such representation by HAEIFAC Chair Mr. Novakovich at the June 2021 Regular Meeting, HAEIFAC had $1,100,000 committed to The Nineteen.

COMPLAINT - 10



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

47. Shortly thereafter, HAEIFAC member Kevin Sakamoto falsely, unreasonably, and emphatically stated that he did not believe private equity holdings were collateral. Mr. Sakamoto's comment was made in knowing disregard of and/or conflicting with his previous affirmative vote at the April 2021 Regular Meeting approving the disbursement of $1,100,000 to fund The Nineteen with private equity holdings—not the Subject Property—as collateral. Mr. Sakamoto's comment was also in knowing disregard of and/or conflicting with the materials Klein Griffith had provided months earlier to review.

48. Yet, rather than fulfill HAEIFAC's enforceable commitment to disburse $1,100,000 to Klein Griffith—including, without limitation, to disburse such funds with private equity holdings as collateral—the HAEIFAC Defendants, CLA, and JoLarr routinely misrepresented and/or failed to correct others' false statements of material fact when they had a duty to correct false statements of material fact, including, but not limited to, the misstatements that: private equity holdings were not what was originally proposed as collateral for the loan application on The Nineteen; and that private equity holdings were not voted on and approved by HAEIFAC at its Regular Meeting in April 2021 for The Nineteen. As a result of these and other actions and/or omissions, the HAEIFAC Defendants, CLA, and JoLarr failed and refused to follow through on the HAEIFAC Defendants' enforceable deal terms, commitments, and/or representations to loan $1,100,000 for The Nineteen.

49. Following June 2021, Mr. Sakamoto left the HAEIFAC board. In turn, several new board members joined the Committee including Mr. Sakamoto's supervisor, Rebekah Dobbs of Spokane Teachers Credit Union ("STCU"); Will McKay,

COMPLAINT - 11



Piekel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Benton County Commissioner; and Brad Peck, Franklin County Commissioner.

50.     All three new members had an undisclosed conflict of interest regarding Klein Griffith and The Nineteen.  For example, in 2020, Mr. Griffith had publicly endorsed the opposing candidate of Mr. Peck's for Franklin County Commissioner in a letter to the Tri-City Herald.  In that letter, Mr. Griffith was also critical of Mr. Peck focusing political attention to demand that the local Health District delete its Facebook post regarding June being Pride Month. At all times material hereto, Mr. Peck and/or HAEIFAC Defendants had knowledge of such letter.

51.     A couple months after leaving the HAEIFAC board, Mr. Sakamoto contacted Defendants, on or about August 15, 2021, and recommended that private business applicant Pepper Preppers receive a loan from the HAEIFAC Defendants. Pepper Preppers was a referral of STCU.

52.     The HAEIFAC Defendants, CLA, and JoLarr continued to communicate regarding The Nineteen and, by September 2021, the Defendants orchestrated to hold a vote regarding whether private equity holdings could serve as collateral for a loan regarding The Nineteen—notwithstanding the vote to approve Klein Griffith's loan application with security in private equity holdings was already taken and passed unanimously.

53.     However, Defendants' decision to hold the vote regarding collateral for The Nineteen violated the Committees' action and agreement in April 2021 approving the loan—including, without limitation, approving the loan based on private equity holdings as collateral—and also violated the Committees' written and signed Meeting Minutes from the April 2021 Regular Meeting confirming the same, thereby violating

COMPLAINT - 12



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / P 509.321.5935

and/or continuing to violate the material terms of the parties' enforceable deal and representations, resulting in substantial and ongoing damages to Klein Griffith.

54. On or about September 27, 2021, HAEIFAC held a Regular Meeting where it discussed the loan for The Nineteen and private equity holdings as collateral. All three new HAEIFAC members attended.

55. At the beginning of HAEIFAC's September 2021 Regular Meeting, Mr. Klein addressed the Committee and stated that, for Klein Griffith, the action or inaction of the Defendants: *"is the difference between us making it and not."*

56. Following Mr. Klein's comments, and prior to the vote, Mr. Novakovich asked Mr. Shaefer and Ms. Peters *"to correct him if wrong, but he believes the committee has approved the $1,100,000 loan based on other collateral that was originally provided"* rather than private equity holdings. Neither Ms. Peters nor Mr. Shaefer corrected Mr. Novakovich.

57. Ultimately, at the September 2021 Regular Meeting, HAEIFAC voted 5-4 in favor of using private equity holdings as collateral for its loan to Klein Griffith regarding The Nineteen, notwithstanding the vote to approve Klein Griffith's loan application with security in private equity holdings having already been taken and passing unanimously for The Nineteen in April 2021.

58. All three new Committee members voted against The Nineteen. Mr. Peck and Ms. Dobbs were notably active in opposing The Nineteen. Mr. Peck asked on three occasions if the Committee could discuss without Mr. Klein and Mr. Griffith being present and bristled at Mr. Klein when Mr. Klein attempted to speak in defense of Klein Griffith's protected property interest.

COMPLAINT - 13



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

59.     However, instead of holding a subsequent discussion or motion to obtain six votes to proceed as to what to do next regarding its $1,100,000 commitment to Klein Griffith, Mr. Novakovich, unilaterally and without vote from HAEIFAC, acted and/or purported to act to refer the discussion regarding The Nineteen back to the Subcommittee for further recommendation.

60.     Referring the discussion back to the Subcommittee constitutes the transaction of HAEIFAC business and/or the exercise of any of its powers. Mr. Novakovich's unilateral action referring discussion of the collateral for The Nineteen back to the Subcommittee violates HAEIFAC's bylaws since six (6) affirmative votes are required for the transaction of any of HAEIFAC business or the exercise of any of its powers. All acts of HAEIFAC stemming from the referral of the discussion regarding the loan on The Nineteen back to the Subcommittee, and the Subcommittee's subsequent recommendation are *ultra vires* and void.

61.     Shortly after discussion of The Nineteen at the September 2021 Regular Meeting, the Committee voted to approve $550,000 in a loan to Mr. Sakamoto's referral at his new position with STCU—specifically, Pepper Preppers.

62.     Unlike Pepper Preppers, Klein Griffith was not an STCU referral.

63.     Mr. Sakamoto and Ms. Dobbs had a conflict of interest regarding Klein Griffith—a conflict of interest that was stark given that, at the time of the September 2021 Regular Meeting, the HAEIFAC Defendants lacked sufficient funds to fulfill both its binding $1,100,000 commitment to The Nineteen and approve a new loan disbursement to STCU referral Pepper Preppers for $550,000.

64.     Notably, in one of HAEIFAC's Regular Meetings where discussion of The

COMPLAINT - 14



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Nineteen was held, Ms. Dobbs stated that she only wanted to be a *"good steward for Kevin."* Ms. Dobbs' comment illustrates her attempt to put her interests of carrying out an agenda benefitting herself, Mr. Sakamoto, and/or STCU ahead of HAEIFAC and in contravention of the duties HAEIFAC owed to Klein Griffith.

65.     Thereafter, on or about October 7, 2021, the Subcommittee held its meeting to discuss the collateral on The Nineteen that had been unilaterally requested by Mr. Novakovich at the September 2021 Regular Meeting. Neither Mr. Klein nor Mr. Griffith were invited to HAEIFAC's October 2021 Subcommittee meeting discussing The Nineteen.

66.     Also absent at this Subcommittee meeting was HAEIFAC member, and City of Richland councilmember, Phil Lemley.

67.     Prior to the October 2021 Subcommittee meeting, Mr. Lemley had emailed JoLarr agent Ms. Peters with a question about when the Subcommittee meeting was to be held. Upon information and belief, Ms. Peters did not respond to Mr. Lemley's email—notwithstanding the duty to do so. Mr. Lemley did not attend the Subcommittee meeting. Mr. Lemley was known to support Klein Griffith's loan application for The Nineteen.

68.     On or about October 7, 2021, the Subcommittee recommended HAEIFAC change the amount of the loan for The Nineteen to $345,000, which was purportedly based on the amount of hard collateral available, and to have its recommendation be discussed at HAEIFAC's Regular Meeting scheduled on October 25, 2021.

69.     However, one week later or about October 14, 2021, Mr. Klein emailed Dan Shaefer of CLA, and cc'd JoLarr and Mr. Novakovich. In that email, Mr. Klein

COMPLAINT - 15



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

stated that Klein Griffith was willing and able to comply with HAEIFAC's request for the loan on The Nineteen to be collateralized by its Subject Property. After months of discussion pursued in good faith, and without waiver of its rights vis-à-vis the Defendants, Klein Griffith was able to obtain ICON's consent and would be able to use the Subject Property as collateral for the HAEIFAC Defendants.

70.   Obtaining ICON's consent to collateralize the loan with the HAEIFAC Defendants with the Subject Property meant the loan from HAEIFAC could be secured by additional and/or different collateral.

71.   Yet only hours after receiving Mr. Klein's email, on October 14, 2021, JoLarr quickly notified the HAEIFAC Defendants and CLA that HAEIFAC would hold a Special Meeting regarding The Nineteen on October 20, 2021 in order to decommit funds. The Special Meeting was planned only five days before HAEIFAC's Regular meeting on October 25, 2021.

72.   In fact, on or about October 15, 2021, JoLarr drafted a document listing her thoughts regarding why The Nineteen was not a good decision for HAEIFAC and directly messaged it to loan consultant, Jennifer Lenzi of CLA. Ms. Lenzi had previously been declined for the opportunity to provide accountant services to Klein Griffith.

73.   Approximately three days later, at approximately 4:00 pm on October 18, 2021, JoLarr, Mr. Shaefer, and Mr. Novakovich held a conference call to discuss the Special Meeting regarding The Nineteen.

74.   At approximately 5:40 p.m. immediately following the conference call they had earlier that same day, Mr. Shaefer emailed Subcommittee chair, Pete Serrano,

COMPLAINT - 16



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

copying JoLarr and Mr. Novakovich, and stated that, based on their earlier *"planning meeting"* discussing .The Nineteen, they were requesting a change to the Subcommittee's recommendations so that discussion of decommitting funds from The Nineteen could be discussed earlier at a Special Meeting on October 20, instead of at the Regular Meeting on October 25 as the Subcommittee had originally recommended and/or voted to recommend. Mr. Serrano unilaterally agreed to the change.

75.     HAEIFAC's Special Meeting on or about October 20, 2021 violated its bylaws. This Special Meeting violated HAEIFAC's bylaws for reasons including, but not limited to: (a) it was not called by (i) Mr. Novakovich and (ii) at the direction of two other HAEIFAC members; (b) not all of HAEIFAC's members were properly notified of the Special Meeting, including being emailed at their official email address per bylaws or being given due notification regarding the Special Meeting agenda; and (c) notice of the Special Meeting did not exceed four days even though it was possible to provide notice that exceeded four days under the circumstances.

76.     The HAEIFAC Defendants did not have a sufficient reason, nor did they provide a reason, why a Special Meeting needed to be called regarding The Nineteen when a Regular Meeting was duly-scheduled to occur only approximately five days later.

77.     The vote to decommit funds from The Nineteen was not listed on the public agenda for the October 2021 Special Meeting. The HAEIFAC Defendants did not provide Klein Griffith or other HAEIFAC members adequate notice of the Special Meeting.

78.     HAEIFAC's Special Meeting regarding decommitting funds from the

COMPLAINT - 17



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Nineteen was held on October 20, 2021.  Only five or six HAEIFAC members attended.

79.    At the outset of HAEIFAC's Special Meeting on October 20, 2021, Mr. Klein stated that Klein Griffith had secured the collateral that the HAEIFAC Defendants had requested in lieu of private equity holdings and that, therefore, the vote to decommit funds from The Nineteen was not necessary.

80.    In response, and in an attempt to avoid further comment or discussion concerning Mr. Klein's comments, HAEIFAC Chair, Mr. Novakovich abruptly claimed that any discussion regarding Klein Griffith's acceptance of loan terms could only be discussed *after* a motion to decommit funds had taken place.  Mr. Novakovich then asked for a motion to decommit the entire $1,100,000 loan commitment for The Nineteen.  Mr. Novakovich's proposed motion was contrary to the recommendation of the Subcommittee.

81.    Before the vote to decommit $1,100,000 could be held, Mr. Lemley expressed confusion about the motion.  Mr. Lemley asked how Mr. Klein's comments that Klein Griffith had accepted the terms affected the motion to decommit funds from The Nineteen.

82.    In response, Mr. Novakovich claimed that such acceptance of HAEIFAC's proposal and/or unilaterally modified loan terms was immaterial.  Mr. Novakovich's claims were and are unsupported.

83.    On October 20, 2021, over Klein Griffith's objections, HAEIFAC voted to "*decommit*" the entire $1,100,000 it had committed to Klein Griffith for The Nineteen. At least five HAEIFAC members were, notably, absent from the Special Meeting.

84.    Mr. Novakovich, Ms. Dobbs, Mr. Peck, and Mr. McKay all voted to

COMPLAINT - 18



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

decommit. Absent any one of those votes, the motion to decommit would have failed.

85.     HAEIFAC's vote to *"decommit"* the $1,100,000 was premised on more than one false notion, which included, without limitation, the false notion that private equity holdings did not comprise part of the terms HAEIFAC had unanimously approved at its Regular Meeting in April 2021.

86.     However, shortly after HAEIFAC had voted to "decommit" the entire $1,100,000 at the October 2021 Special Meeting, Defendants discussed a document prepared by CLA intending to show, among other information, the available collateral for The Nineteen at or about the time the loan was approved in April 2021. This document was circulated by JoLarr to HAEIFAC members prior to the October 2021 Special Meeting.

87.     The document prepared by CLA plainly stated that *"private equity holdings"* comprised part of the original collateral for the loan on The Nineteen. No one from any of the HAEIFAC Defendants, CLA, or JoLarr spoke up to correct the record.

88.     The HAEIFAC Defendants, CLA, and JoLarr failed to follow HAEIFAC's bylaws and internal procedures with respect to the vote to *"decommit"* funds from The Nineteen, and deprived Klein Griffith of its right to have a meaningful opportunity to be heard regarding its property interest in the loan commitment for $1,100,000 regarding The Nineteen.

89.     One day later, on October 21, 2021, Mr. Klein emailed the Defendants expressing shock that the entire $1,100,000 had been decommitted. Klein Griffith urged the HAEIFAC Defendants to comply with their obligations. Mr. Klein further

COMPLAINT - 19

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

noted that it was clear one or more HAEIFAC members were confused as to what the purpose of the Special Meeting was or what was being voted on.  Although he did not mention him by name, Mr. Klein was referring to Mr. Lemley.

90.     Indeed, shortly after receiving Mr. Klein's email on or about October 21, 2021, Mr. Lemley directly emailed Mr. Novakovich expressing anger and confusion regarding HAEIFAC's vote to decommit at the October 2021 Special Meeting.  Mr. Lemley had voiced confusion at the October 2021 Special Meeting.

91.     Other HAEIFAC members either corroborated or similarly displayed a lack of understanding regarding the vote on The Nineteen loan following the vote, including those present for the October 2021 Special Meeting.

92.     In fact, one day later, on October 22, 2021, Mr. Novakovich privately emailed the HAEIFAC Defendants, CLA, and JoLarr in response to Mr. Klein's email, admitting that there was a *"lingering confusion regarding the action taken at the Special Meeting"* on The Nineteen.  Accordingly, in his same email, Mr. Novakovich went on to direct Mr. Shaefer to prepare a detailed explanation for how the scope of The Nineteen project had changed to establish support for the vote to decommit.  Mr. Novakovich also directed the HAEIFAC Defendants, CLA, and JoLarr to contact him on his *"personal cell number"* if they had any questions.

93.     On that same day, October 22, 2021, Mr. Novakovich emailed Ms. Dobbs asking if she could *"help educate the HAEIFAC members on how commercial loans are structured and what committee members need to understand about the inner workings of such loans."*  Mr. Novakovich further stated that he and one or more other persons *"suspect that some members only rely on their emotions"* when evaluating

COMPLAINT - 20



Piskel Yahne Kuvarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

loan applicants.

94.    Ms. Dobbs replied to Mr. Novakovich the same day, October 22, 2021, and stated, in reference to the loan application for The Nineteen, that: *"It would be helpful to know what we actually did collect for this request.   Did we ask for a personal financial statement and verification of liquidity?"*

95.    Ms. Dobbs' confusion regarding the Klein Griffith loan application is notable since she not only cast one of the deciding votes but also seconded the motion at the October 2021 Special Meeting, to *"decommit"* $1,100,000 from Klein Griffith.  By doing so, Ms. Dobbs was able to protect the money committed to the STCU referral.

96.    By October 24, 2021, Mr. Lemley had followed up on his earlier emails to Mr. Novakovich and demanded to see the proof as to the information that he and other HAEIFAC members and agents—including, but not limited to, Franklin County commissioner Brad Peck and CLA's Jennifer Lenzi—used to base their decision and recommendation to *"decommit"* the $1,100,000 from The Nineteen.  Mr. Lemley stated that he would be urging a new vote by HAEIFAC on The Nineteen if the information was not provided.

97.    Accordingly, at HAEIFAC's Regular Meeting on October 25, 2021, Mr. Lemley asked for the change of scope he had been assured would be provided.

98.    Despite being directed to do so earlier, Mr. Shaefer stated he had not put anything together for the October 2021 Regular Meeting.   Right after Mr. Shaefer stated he had not prepared the detailed explanation, Mr. Peck sought to move the discussion into executive session.  The Regular Meeting thereafter went into executive session.

COMPLAINT - 21



Piekel Yuhno Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

99.   After HAEIFAC reconvened its Regular Meeting from executive session, HAEIFAC's general counsel addressed conflicts of interests, stating that, in regard to actual or apparent conflicts of interest, *"Disclosure of real or apparent conflict and recusal is the standard way these things are approached."*

100.   After this presentation, Mr. Lemley stated that he would recuse himself regarding The Nineteen.   Mr. Lemley's recusal meant that the vote to *"decommit"* would not be challenged regarding The Nineteen.

101.   Ms. Dobbs, Mr. Peck, and Mr. McKay were all present at the October 25, 2021, Regular Meeting as well; however, none sought recusal or disclose a real or apparent conflict of interest any had regarding Klein Griffith and The Nineteen notwithstanding a duty to do so.

102.   No proof was provided at the October 25, 2021, Regular Meeting regarding the change in scope or any other purported basis to *"decommit"* the $1,100,000 from The Nineteen.  Any such purported basis to decommit funds from The Nineteen lacked legal and/or factual foundation and, specifically, lacked any good faith.

103.   As a direct and proximate result of the Defendants' unlawful actions, omissions, and misrepresentations, including, but not limited to those referenced specifically and/or generally herein, Klein Griffith has incurred substantial and ongoing damages and has been damaged in an amount to be determined according to proof at the time of trial.  Klein Griffith's damages include, but are not limited to, lost profits and/or revenue, damages in connection with tax consequences, and such other types and categories of damages to be demonstrated according to proof in this action.

104.   Klein Griffith has mitigated its damages and continues to take steps to

COMPLAINT - 22

**PYK** Lawyers

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / P 509.321.5935

mitigate its damages, where appropriate. However, damages are ongoing.

105. To the extent any claims or allegations asserted in this Complaint are determined to be inconsistent and/or conflicting, they are plead in the alternative.

### III.   CLAIMS FOR RELIEF

### CLAIM ONE
**(Breach of Contract – Against the HAEIFAC Defendants)**

106. Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

107. Klein Griffith entered into a valid and enforceable contract with the HAEIFAC Defendants that was, and remains, enforceable by Klein Griffith against the HAEIFAC Defendants.

108. Under the contract, HAEIFAC Defendants owed duties to Klein Griffith.

109. HAEIFAC Defendants promised, agreed, and/or had an obligation to reduce the contract to a further writing and/or memoranda and to execute the same, but failed and refused to do so, notwithstanding substantial action taken by Klein Griffith in reliance on such promise, agreement, and/or obligation such that barring enforcement of such agreement would operate to defraud.

110. Under the terms of its valid and enforceable contract with the HAEIFAC Defendants, the HAEIFAC Defendants were obligated to, among other performance obligations, loan the amount of $1,100,000 for The Nineteen and/or reduce the $1,100,000 loan into a further signed writing.

111. Under the terms of its valid and enforceable contract with the HAEIFAC Defendants, Klein Griffith was to receive HAEIF funds from the HAEIFAC Defendants in the amount of $1,100,000 to develop The Nineteen. In exchange, the loan would be

COMPLAINT - 23



Pickel Yslume Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

paid back, upon terms, and private equity holdings would serve as collateral to secure the loan.

112.   Klein Griffith has performed all its obligations in accordance with its contract with the HAEIFAC Defendants and/or its contractual obligations have been waived or excused.  Any and all conditions, including conditions precedent, to Klein Griffith asserting this claim and for claiming entitlement to contract damages have been satisfied and/or waived.

113.   The HAEIFAC Defendants owed Klein Griffith an implied duty of good faith and fair dealing.

114.   The HAEIFAC Defendants materially breached its express and implied contractual obligations to Klein Griffith.

115.   By way of example, but without limiting the generality of the foregoing, the HAEIFAC Defendants failed and refused: to enter into a loan agreement for $1,100,000 and/or to loan $1,100,000 for The Nineteen; to secure such loan with private equity holdings as collateral; and to act in accordance with the implied duty of good faith and fair dealing in connection with the parties' enforceable agreement.

116.   Additionally, on or about October 14, 2021, Klein Griffith accepted the HAEIFAC Defendants' proposal and/or modified loan terms regarding a junior lien on the Subject Property to serve as collateral to the HAEIFAC Defendants.

117.   By accepting HAEIFAC Defendants' proposal and/or modified loan terms, Klein Griffith was entitled to receive HAEIF funds from the HAEIFAC Defendants for $1,100,000 to develop The Nineteen in exchange for repayment over time, with the HAEIFAC Defendants to have a junior lien on the Subject Property to

COMPLAINT - 24



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

serve as its collateral for the loan.

118. As a direct and proximate result of the actions and omissions of Defendants, including material breaches of express and implied contractual obligations, Klein Griffith has incurred and continues to incur damages in an amount to be determined according to proof including, but not limited to, lost profits, reliance damages, expectancy damages, and such other types and amounts of damages to which Klein Griffith is entitled, together with attorney fees and costs to the fullest extent permitted by law, pre-judgment interest and post-judgment interest, and/or equitable or declaratory relief.

**CLAIM TWO**
**(Breach of Contract – Against CLA)**

119. Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

120. Klein Griffith was an intended third-party beneficiary to the contract terms between HAEIFAC and CLA.

121. The contract terms between HAEIFAC and CLA necessarily and directly benefit Klein Griffith.

122. CLA had duties under its contract with HAEIFAC toward Klein Griffith which included, without limitation, the following: to serve as Klein Griffith's liaison with the HAEIFAC Defendants; to evaluate Klein Griffith's collateral documents; to prepare loan agreements and collateral documents for Klein Griffith that correctly reflect the terms of the deal; to promptly notify Klein Griffith of terms and conditions of the loan upon approval; to prepare disbursement of checks to Klein Griffith; to act in accordance with the implied duty of good faith and fair dealing; and to negotiate

COMPLAINT - 25



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

and/or proceed in good faith.  Performance under the contract would necessarily and directly benefit Klein Griffith.

123.    CLA was required to carry out its duties toward Klein Griffith in conformance with all policies and procedures of HAEIFAC and all statutes governing HAEIF.

124.    A duty of good faith and fair dealing is deemed to exist in every contract, and CLA was required to perform its contractual duties toward Klein Griffith in good faith.

125.    CLA materially breached its express and implied duties it owed to Klein Griffith as an intended third-party beneficiary under the contractual terms between CLA and HAEIFAC.

126.    As a direct and proximate result of CLA's material breaches of contractual duties CLA owed to Klein Griffith, Klein Griffith has incurred and continues to incur damages in an amount to be determined according to proof including, but not limited to, lost profits, reliance damages, expectancy damages, and such other types and amounts of damages to which Klein Griffith is entitled, together with attorney fees and costs to the fullest extent permitted by law, pre-judgment interest and post-judgment interest, and/or equitable or declaratory relief.

### CLAIM THREE
#### (Breach of Contract – Against JoLarr)

127.    Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

128.    Klein Griffith was an intended third-party beneficiary to the contract terms between HAEIFAC and JoLarr.

COMPLAINT - 26



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

129.   The contract terms between HAEIFAC and JoLarr necessarily and directly benefit Klein Griffith.

130.   JoLarr had duties under its contract with HAEIFAC toward Klein Griffith which include, without limitation, the following: to serve as Klein Griffith's liaison with the HAEIFAC Defendants; to coordinate and assist CLA regarding Klein Griffith's loan application; to process and accurately relay communications and information received from Klein Griffith: to attend and coordinate information regarding Subcommittee meetings, Special Meetings, and Regular Meetings related to Klein Griffith's loan application; to coordinate preparation of checks to be made out to Klein Griffith;  and to act in accordance with the implied duty of good faith and fair dealing.  Performance under the contract would necessarily and directly benefit Klein Griffith.

131.   A duty of good faith and fair dealing exists in every contract, and JoLarr was required to perform its contractual duties toward Klein Griffith in good faith.

132.   JoLarr materially breached its express and implied duties it owed to Klein Griffith as a third-party beneficiary under the contractual terms between JoLarr and HAEIFAC.

133.   As a direct and proximate result of the material breaches of contractual duties JoLarr owed to Klein Griffith, Klein Griffith has incurred and continues to incur damages in an amount to be determined according to proof including, but not limited to, lost profits, reliance damages, expectancy damages, and such other types and amounts of damages to which Klein Griffith is entitled, together with attorney fees and costs to the fullest extent permitted by law, pre-judgment interest and post-judgment interest, and/or equitable or declaratory relief.

**CLAIM FOUR**

COMPLAINT - 27



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

### (Promissory Estoppel – Against the HAEIFAC Defendants)

134.   Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

135.   The HAEIFAC Defendants made promises to Klein Griffith. The promises were clear and definite. By way of example, and without limitation, the HAEIFAC Defendants promised to enter into a loan and/or to loan $1,100,000 for The Nineteen. It promised to do so, for example and without limitation, based on collateral of private equity holdings. As further example, and without limitation, the HAEIFAC Defendants promised to do so based on collateral of a junior lien on the Subject Property.

136.   The HAEIFAC Defendants should reasonably have expected each of its promises to cause Klein Griffith to change its position including, but not limited to, when HAEIFAC unanimously approved committing $1,100,000 to The Nineteen.

137.   The HAEIFAC Defendants should reasonably have expected the promises to cause Klein Griffith to change its position including, without limitation, because of the following: HAEIFAC voted unanimously to approve a $1,100,000 loan; the vote is in writing; the written record of the loan approval was approved by HAEIFAC; and the written record of the loan approval for $1,100,000 is signed by the HAEIFAC Chair.

138.   Klein Griffith, in fact, did change its position, including, without limitation, changing its position by investing more resources, including development expenses, for The Nineteen.

139.   When Klein Griffith changed its position, it was relying on the promises of the HAEIFAC Defendants and was justified in doing so. The HAEIFAC Defendants were aware that Klein Griffith's loan with its primary lender, ICON, was contingent

COMPLAINT - 28



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

upon the loan from the HAEIFAC Defendants and that time was of the essence.

140.   Injustice can be avoided only if the HAEIFAC Defendants' promises to Klein Griffith are enforced.

141.   As a direct and proximate result of the actions and omissions of the HAEIFAC Defendants, including the failure to follow through on the promises, Klein Griffith has incurred damages in an amount to be determined according to proof, including, but not limited to, lost profits, reliance damages, expectancy damages, along with attorney fees and costs to the furthest extent authorized under law, pre-judgment and post-judgment interest, and/or equitable or declaratory relief.

## CLAIM FIVE
### (Negligence – Against the HAEIFAC Defendants)

142.   Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

143.   Klein Griffith had direct contact with the HAEIFAC Defendants and/or had privity with the HAEIFAC Defendants, which set Klein Griffith apart from the general public.

144.   The HAEIFAC Defendants owed duties of care to Klein Griffith, including, but not limited to, the duty to use reasonable care to disseminate accurate information to Klein Griffith and on behalf of Klein Griffith.

145.   The HAEIFAC Defendants made express assurances to Klein Griffith including, without limitation, that HAEIFAC Defendants would enter into a loan and/or loan the amount of $1,100,000 to develop The Nineteen.

146.   Klein Griffith justifiably relied on the HAEIFAC Defendants' express assurances including, without limitation, the express assurances that the HAEIFAC

COMPLAINT - 29



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Defendants would enter into a loan and/or loan the amount of $1,100,000 to develop The Nineteen.

147.    The HAEIFAC Defendants failed to exercise reasonable care. The HAEIFAC Defendants breached duties owed to Klein Griffith.

148.    For example, but without limitation, the HAEIFAC Defendants failed and refused to enter into a loan and/or loan the amount of $1,100,000 upon terms approved by HAEIFAC, failed and refused to disburse $1,100,000 to Klein Griffith promptly after loan approval, and failed and refused to conduct business and affairs in accordance with, and not in excess or in violation of, the standards and rules in HAEIFAC's bylaws and/or other applicable law.

149.    As a direct and proximate result of the HAEIFAC Defendants' breaches of its duties of care to Klein Griffith, Klein Griffith has incurred damages in an amount to be determined according to proof including, but not limited to, lost profits, reliance damages, expectancy damages, along with attorney fees and costs, pre-judgment interest and post-judgment interest, and/or equitable or declaratory relief.

### CLAIM SIX
### (Tortious Interference with Business Expectancies and Contract – Against all Defendants)

150.    Plaintiff incorporates by reference the allegations set forth above, as if fully set forth herein.

151.    At the time of the conduct at issue, Klein Griffith had valid business expectancies with a probability of future economic benefit, including, but not limited to, receiving $1,100,000 in funds through the loan from the HAEIFAC Defendants to develop The Nineteen, receiving approximately or more than $9,700,000 in funds from

COMPLAINT - 30



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

the loan through its primary lender, ICON, to develop The Nineteen which was contingent upon receiving the loan from the HAEIFAC Defendants, and the future revenues and profit to Klein Griffith from the completed development of The Nineteen. Such business expectancies further include, without limitation, rent and/or the sale of the project and tax consequences.

152.   Defendants knew of the existence of Klein Griffith's valid business expectancies.

153.   Defendants intentionally interfered with such contracts and/or business expectancies inducing or causing a breach or termination of the relationship or expectancy. Without limiting the generality of the foregoing, through Defendants' actions, omissions, and representations and/or misrepresentations during the relevant period or as alleged herein, Defendants intentionally caused the termination of Klein Griffith's valid business expectancies.

154.   Defendants CLA and JoLarr acting outside any scope of agency for the HAEIFAC Defendants intentionally interfered with Klein Griffith's valid business expectancies and/or contractual relationship with HAEIFAC Defendants including, but not limited to, receiving $1,100,000 in funds from the HAEIFAC Defendants to develop The Nineteen.   Defendants CLA and JoLarr knew of this contractual relationship and/or business expectancies.

155.   Defendants intentionally interfered with Klein Griffith's valid business expectancies of receiving approximately or more than $9,700,000 in funds from the loan through its primary lender, ICON, to develop The Nineteen which was contingent upon receiving the loan from the HAEIFAC Defendants, and the future profit and/or

COMPLAINT - 31



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

revenue Klein Griffith would earn from the completed development of The Nineteen. Defendants knew of these business expectancies.

156.   Defendants interfered for an improper purpose and/or used improper means.

157.   Defendants' actions and omissions were without privilege, excuse, or justification.

158.   Defendants' conduct, including without limitation their actions, omissions, and/or representations/misrepresentations proximately caused Klein Griffith resultant monetary damages relating to its valid business expectancies and/or contractual relationships in an amount to be determined according to proof.

## CLAIM SEVEN
### (Consumer Protection Act, RCW § 19.86
### – Against All Defendants)

159.   Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

160.   Defendants' actions or transactions toward Klein Griffith in connection with its loan commitment and underlying loan application for The Nineteen with HAEIFAC were unfair or deceptive acts or practices that occurred in the conduct of their trade or commerce.

161.   Defendants' unfair or deceptive actions or transactions are not otherwise permitted, prohibited, or regulated by a regulatory body or officer, including, without limitation, by a regulatory body or officer that requires permission, registration, or licensure to engage in any of the actions or transactions at issue.

162.   Defendants' unfair or deceptive actions or transactions toward Klein

COMPLAINT - 32



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Griffith are injurious to the public interest, including because they had the capacity to injure other persons, and/or because they have the capacity to injure other persons. Such acts or practices affect the public interest.

163. Defendants' unfair or deceptive actions or transactions toward Klein Griffith proximately caused injury to Klein Griffith in its business or property.

164. Due to Defendants' unfair or deceptive actions or transactions, Klein Griffith is entitled to its actual damages in an amount to be proven at trial, together with an award of statutory and/or treble damages, and its reasonable attorney's fees and costs, pursuant to, without limitation, RCW 19.86.090.

<u>**CLAIM EIGHT**</u>
**(Violations of 42 U.S.C. § 1983 | Procedural Due Process –
Against CLA and JoLarr)**

165. Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

166. By virtue of HAEIFAC's unanimous vote to approve a loan for $1,100,000 for The Nineteen in April 2021, Klein Griffith enjoyed a legitimate claim of entitlement in a loan commitment and/or loan for $1,100,000 from HAEIFAC.

167. Klein Griffith had federal constitutional or statutory rights.

168. Following HAEIFAC's vote to approve a $1,100,000 loan for The Nineteen for Klein Griffith in April 2021, Defendants sought to deprive Klein Griffith of its protected property interest in the loan commitment and/or loan from HAEIFAC for The Nineteen.

169. Klein Griffith had a right to receive sufficient notice and to have an opportunity to be heard regarding The Nineteen, including but not limited to, at

COMPLAINT - 33



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

HAEIFAC's October 2021 Special Meeting where it voted to *"decommit"* funds from Klein Griffith for The Nineteen project.

170.    Defendants CLA and JoLarr, each by virtue of their public functions, which include but are not limited to serving as liaison between Klein Griffith and the HAEIFAC Defendants, and by jointly acting with the HAEIFAC Defendants toward Klein Griffith, acted under color of state law and deprived Klein Griffith from receiving sufficient notice or having an opportunity to be heard, including without limitation, at HAEIFAC's October 2021 Special Meeting and the vote to decommit funds for The Nineteen.

171.    By acting under color of state law to deprive Klein Griffith from receiving sufficient notice or having an opportunity to be heard, including without limitation, at HAEIFAC's October 2021 Special Meeting and the vote to decommit funds for The Nineteen, Defendants CLA and JoLarr caused Klein Griffith monetary damages in an amount to be proven at trial, together with attorney's fees and costs to the extent authorized under the law, and prejudgment and post-judgment interest.

## CLAIM NINE
### (Civil Conspiracy – Against all Defendants)

172.    Klein Griffith incorporates by reference the allegations set forth above, as if fully set forth herein.

173.    The HAEIFAC Defendants, CLA, and JoLarr, combined to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means.  For example, and without limitation, they combined to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means in connection with *"decommitting"* HAEIF funds from Klein Griffith for developing The Nineteen.

COMPLAINT - 34



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

174.   The HAEIFAC Defendants, CLA, and JoLarr, combined to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means, by way of further example and without limitation, to deprive Klein Griffith from having sufficient notice or a meaningful opportunity to be heard regarding the scheme to *"decommit"* HAEIF funds committed to The Nineteen.

175.   Through their actions, omissions, and communications, including those with each other, Defendants entered into an agreement to accomplish a conspiracy to decommit funds committed to The Nineteen for Klein Griffith.

176.   Through their actions, omissions, and communications, including those with each other, Defendants entered into an agreement to accomplish a conspiracy to deprive Klein Griffith from having adequate notice or a meaningful opportunity to be heard regarding the plan and/or vote to decommit HAEIF funds for The Nineteen.

177.   Defendants' actions, omissions, and communications are inconsistent with a lawful purpose and reasonably consistent only with the existence of the conspiracy, including, but not limited to, Defendants' communications, conference call on October 18, 2021, and agreement to organize a Special Meeting of HAEIFAC five days prior to its Regular Meeting for October 2021 in order to decommit the loan from Klein Griffith.  Defendants' communications and agreement to organize this Special Meeting was in response to Mr. Klein's emails sent on or about October 14 and 15, 2021, stating that Klein Griffith's primary lender had allowed for the HAEIFAC Defendants to have a junior lien on the Subject Property and that Klein Griffith was ready to proceed in accordance therewith.

178.   Defendants' unlawful actions, omissions, and communications, including

COMPLAINT - 35



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

conspiracy among each other, resulted in damages to Klein Griffith in an amount to be determined according to proof, for which the Defendants are jointly and severally liable.

## IV.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Klein Griffith Properties Group, LLC prays for relief against each of the Defendants, jointly and severally, as follows:

1.    For judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount to be determined according to proof;

2.    For pre-judgment interest at the highest rate authorized under law;

3.    For post-judgment interest at the highest rate authorized under law;

4.    For injunctive and/or declaratory relief, as applicable, including, but not limited to, obtaining a determination that certain acts of Defendants, including the HAEIFAC Defendants, were *ultra vires* and null and void;

5.    For Plaintiff's attorney fees, costs, and expenses pursuant to all applicable law, including without limitation pursuant to RCW § 19.86, contract, and/or equity;

6.    For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this __19__ day of August 2022.

PISKEL YAHNE KOVARIK, PLLC

BENJAMIN J. MCDONNELL, WSBA #45547
STANLEY F. CORBIT, WSBA #52741
Attorneys for Plaintiff Klein Griffith Properties Group, LLC

COMPLAINT - 36



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935