The Hon. Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| KLEIN GRIFFITH PROPERTIES GROUP, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF COMMERCE, et al.,<br><br>Defendants. | NO. 3:22-cv-05710-BJR<br><br>**STIPULATED PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, and consistent with this Court's direction in its minute order (Dkt. # 30), the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. It does not presumptively entitle parties to file confidential information under seal. It

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

also does not create a burden on any party or third-party to designate as confidential any material that may qualify as confidential.

## 2. **"CONFIDENTIAL" MATERIAL**

"Confidential" shall include the following documents and tangible things produced or otherwise exchanged in this case by the parties: (a) insurance policies; (b) third-party business plans and loan applications; (c) third-party asset, liability, and credit account numbers and balances if and to the extent subject to Wash. Rev. Code 42.56.230(5) and Wash. Rev. Code 9.35.005(1)(a); (d) credit or debit card numbers, electronic check numbers, and card expiration dates if and to the extent prohibited from disclosure under Wash. Rev. Code 42.56.230(5); (e) marketing materials and/or contracts from or with third-party lenders and/or brokers that Plaintiff may have in its possession, custody, and/or control that may be subject to non-disclosure or similar language whether such provisions are located within the document itself or a separate document, and (f) tax returns/statements of Plaintiff or its members. Notwithstanding the foregoing, to the extent Confidential material within the scope of this Protective Order as set forth in paragraph 3 below is contained as an allegation within the Complaint, the allegations are not Confidential.

The term and designation "Confidential" shall mean any document, portion of a document, or information that the designating party believes in good faith meets the requirements set forth above. By agreeing to this Stipulation, no party or third party waives the right to challenge any designating party's designation of any information as "Confidential," regardless of whether the designation falls within the definition of Confidential set forth above.

## 3. **SCOPE**

The protections conferred by this Protective Order cover not only Confidential material (as defined above), but also (a) any information copied or extracted from Confidential material; (b) all copies, excerpts, summaries, or compilations of Confidential material; and (c) any testimony, conversations, or presentations by parties or their counsel that might reveal

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Confidential material, subject to the exception below for information that is in the public domain or becomes part of the public domain through trial or otherwise and subject to the following: the protections conferred by this Protective Order do not cover documents previously produced to Plaintiff in response to Public Records Act requests (including information copied or extracted therefrom, copies, excerpts, summaries, or compilations thereof, or any testimony, conversations, or presentations by parties or their counsel that might reveal information in those documents) unless and until any of the Defendants in this action that produced such documents under the Public Records Act identifies in writing to all parties the Public Records Act bates numbers of such documents asserted to qualify as Confidential, at which time the future use of those materials will be subject to this Protective Order to the extent applicable and subject to the reservations of rights below.

The protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. By entering into this Protective Order, no party waives any argument or makes any admission regarding whether documents that have been or that may be hereinafter produced in response to any public records request are part of the public domain and, thus, not Confidential.

4. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1   Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner reasonably calculated to ensure that access is limited to the persons authorized under this Protective Order.

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

4.2     **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a)     the law firm of the receiving party's counsel of record in this action, including employees of such law firm;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorneys' Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action and any individual or entity providing transcription or recording services. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter or transcriptionist and may not be disclosed to anyone except as permitted under this Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)     E-discovery company vendors retained by the parties or their counsel in this case.

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

4.3     Filing Confidential Material. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall attempt to confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

## 5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those documents that contain Confidential material, so that other documents for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: When designating information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page of each document that contains Confidential material.

(b)     Testimony given in deposition or in other pretrial proceedings: The parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen calendar days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential. If a party or non-party desires to protect Confidential material at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time and for any reason. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged or has made a good faith attempt to engage, in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith conference requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, and subject to the Court's standing order, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. **NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof or certify the destruction of such material. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel and each of the parties are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Presented May 12, 2023 by:

| LANE POWELL PC | ROBERT W. FERGUSON<br>Attorney General |
|---|---|
| *s/ Daniel A. Kittle*<br>Callie A. Castillo, WSBA #38214<br>Barbara J. Duffy, WSBA #18885<br>Daniel A. Kittle, WSBA #43340<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, Washington 98111-9402<br>Telephone: 206.223.7000<br>castilloc@lanepowell.com<br>duffyb@lanepowell.com<br>kittled@lanepowell.com<br><br>*Attorneys for Defendant*<br>*CliftonLarsenAllen LLP* | *s/ Leslie R. Seffern*<br>Leslie R. Seffern, WSBA #19503<br>Assistant Attorney General<br>Complex Litigation Division<br>7141 Cleanwater Drive SW<br>PO Box 40111<br>Olympia, WA 98504-0111<br>(360) 709-6470<br>Leslie.Seffern@atg.wa.gov<br><br>*Attorney for Defendants*<br>*Washington State Department of Commerce,*<br>*Hanford Area Economic Investment Fund*<br>*and Hanford Area Economic Investment*<br>*Fund Advisory Committee* |

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

| | |
|---|---|
| MILLER, MERTENS & COMFORT, PLLC | PISKEL YAHNE KOVARIK, PLLC |
| *s/ Joel R. Comfort* <br> Joel R. Comfort, WSBA #31477 <br> 1020 North Center Parkway, Suite B <br> Kennewick, WA 99336 <br> jcomfort@mmclegal.net <br><br> *Attorney for Defendant* <br> *JoLarr Management Consulting, LLC* | *s/ Benjamin J. McDonnell* <br> Benjamin J. McDonnell, WSBA #45547 <br> Stanley F. Corbit <br> Piskel Yahne Kovarik, PLLC <br> 522 W. Riverside Avenue, Suite 700 <br> Spokane, WA 99201 <br> Bmcdonnell@pyklawyers.com <br> Scorbit@pyklawyers.com <br> Eboudreau@pyklawyers.com <br><br> *Attorneys for Plaintiff* <br> *Klein Griffith Properties Group, LLC* |

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

# **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that Defendants must produce to Plaintiff any remaining non-privileged documents that are responsive to discovery requests that Defendants have not produced, subject to the applicable protections and obligations of this Order.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege or protection applicable to those documents, including the attorney-client privilege, attorney work-product protection, marital privilege, or any other privilege or protection recognized by law.

IT IS FURTHER ORDERED that this Order is not intended to interfere with any party's use of the produced documents in the preparation of its case.

DATED: <u>May 15, 2023.</u>

*[signature]*

Barbara J. Rothstein
United States District Court Judge

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Klein Griffith Properties Group, LLC v. Washington State Department of Commerce*, Case No. 3:22-cv-05710-BJR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the state of Washington that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 12th day of May 2023, at Yelm, Washington.

*s/ Leslie R. Seffern*
LESLIE R. SEFFERN, WSBA #19503
Assistant Attorney General

STIPULATED PROTECTIVE ORDER
NO. 3:22-cv-05710-BJR

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470